**Joenell HOLLAND, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45135.**

Court of Criminal Appeals of Texas.

June 28, 1972.

Rehearing Denied Oct. 11, 1972.

**720**

Harris E. Lofthus, Amarillo, for appellant.

Naomi Harney, County Atty., and David L. Gleason and G. Wayne Cogdill, Asst. County Attys., Amarillo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for driving while intoxicated a motor vehicle upon a public highway. The punishment was assessed by the jury at nine months in the county jail and a fine of $200.00.

In her sole ground of error, appellant contends the court erred in overruling her motion for mistrial "after having sustained appellant's objection to prejudicial testimony by a State's witness."

Amarillo City Police Officer Forrest Clouette testified that on January 27, 1971, at about 8:30 p. m. he went to the scene where the appellant had been placed under arrest for driving while intoxicated. The record at the guilty stage of the trial then reflects the following:

"Q  Would you describe her speech?

"A  Her speech was slurred, she was— oh, loud mouthed, which is her habit when she's drinking, drunk.

"Q  Did you observe her eyes?

"A  No, sir, I didn't observe her eyes.

"MR. LOFTHUS:  What was that again?

"A  I didn't observe her eyes.

"MR. LOFTHUS:  What did you say before that?

"THE COURT:  He said, 'No, sir.'

"MR. LOFTHUS:  Donna, would you read those last few sentences back?

"REPORTER:  'Question:  Would you describe her speech?'

'Answer:  Her speech was slurred, she was—oh, loud mouthed, which is her habit when she's drinking, drunk.'

"MR. LOFTHUS:  Your Honor, I'm going to ask for a mistrial.

"THE COURT:  What?

"MR. LOFTHUS: This man says, 'which is her habit when she's drinking.' This is an old friend of his.

"MR. GLEASON (Prosecutor): Your Honor, we just move for an instruction to disregard this statement.

"THE COURT: Gentlemen of the jury, that statement should not have been made and you're instructed not to consider it for any purpose whatever. Just forget that it was made.

"MR. LOFTHUS: I'm going to ask for a mistrial, your Honor.

"THE COURT: Denied."

Thereafter, the court again instructed the jury to disregard the officer's statement.

The answer given was only partially unresponsive to the question propounded. While an experienced officer-witness should not volunteer testimony, there is nothing to show that the prosecutor sought to elicit such testimony or is there other indicia of bad faith on the part of the prosecution.

Further, the time to object is when the evidence is offered. Here, appellant waited until another question had been asked and answered, and then had the answer of which he complains read back by the court reporter in the jury's presence. Thereafter, without objection or a request for an instruction to disregard, appellant moved only for a mistrial adding within the hearing of the jury that, "This is an old friend of his."

In light of the court's repeated instructions to disregard and the circumstances presented, we cannot conclude the court erred in overruling the motion for mistrial.

Appellant complains that such testimony was prejudicial which is reflected in the penalty assessed. It should be observed that at the penalty stage of the trial before punishment was assessed, the appellant acknowledged, while testifying, that she had been previously convicted of driving while

intoxicated and had over 50 drunk convictions.

Appellant's contention does not present reversible error.

The judgment is affirmed.